UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES KEITH BROSKE,

        Plaintiff,

v.                                     Case No. 17-cv-1805-pp

BMO HARRIS BANK, *et al.*,

        Defendants.

---

**ORDER DENYING AS MOOT PLAINTIFF'S REQUEST FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FILING FEE (DKT. NO. 2) AND DISMISSING CASE WITHOUT PREJUDICE.**

---

On December 28, 2017, the plaintiff (who is representing himself) filed a complaint against BMO Harris Bank N.A., TRS-Recovery Services and the Social Security Administration. Dkt. No. 1. He also checked the box on page 5 of the complaint form, stating that he wanted to proceed without prepaying the filing fee. Id. at 5. He did not file the required Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee. The court regrets that its heavy caseload caused it to take much longer than it should have to review the plaintiff's case. Because the complaint does not state a claim for which a federal court can grant relief, however, the court will dismiss the complaint without prejudice.

    **I.**     **Desire to Proceed Without Prepayment of the Filing Fee**

The court may allow someone to proceed without prepaying the filing fee if two conditions are met: (1) the person shows that he is unable to pay the

1

filing fee; and (2) the case is not frivolous or malicious, states a claim on which relief may be granted, and does not seek monetary relief from a defendant that is immune from such relief. 28 U.S.C. §§1915(a) and (e)(2).

        A. <u>Ability to Pay</u>

For the court to decide whether to allow someone to proceed without prepaying the filing fee, the court must have information about that person's financial situation. That way, it can decide whether the person is able to pay the $400 case filing fee. A plaintiff provides this information by attaching an affidavit to his complaint. Here, the plaintiff did not file the affidavit, so the court has no information about the plaintiff's ability to pay the filing fee. For the plaintiff's future reference, the financial affidavit is located on the Eastern District of Wisconsin's website, under the "Forms for Pro Se Litigants" tab. There is a form titled "Request to Proceed without Prepaying the Filing Fee" that plaintiffs should use to guide them in making this request. <u>See Representing Yourself</u>, <u>Forms for Pro Se Litigants</u>, United States District Court for the Eastern District of Wisconsin, <u>http://www.wied.uscourts.gov/forms-pro-se-litigants</u> (last visited Oct. 19, 2018).

Because the court finds that the complaint does not state a claim upon which it can grant relief, the court will deny the plaintiff's request to proceed without prepaying the filing fee as moot—meaning that the court's determination on the plaintiff's ability to pay is not legally relevant.

B. <u>Screening</u>

Although the court cannot tell whether the plaintiff is able to pay the filing fee, the court still must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). For this reason, district courts "screen" complaints filed by self-represented plaintiffs to determine whether the complaint must be dismissed under these standards.

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). The court may, therefore dismiss a claim as frivolous where it "is based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." <u>Neitzke</u>, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." <u>Lindell v. McCallum</u>, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he only must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson,</u> 355 U.S. 41, 47 (1957)). That said, a complaint that offers only "labels

and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). Rather, a complaint must contain sufficient factual matter, accepted as true, that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

      C. Substance of the Plaintiff's Complaint

As noted above, Fed. R. Civ. P. 8(a)(2) states that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." U.S. ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). The plaintiff cannot leave the court "to guess what claims [he] intends to assert against which defendants." Dunigan v. St. Clair Cty. Jail Med. Staff, No. 15-CV-487, 2015 WL 2455505, *2 (S.D. Ill. May 22, 2015).

The plaintiff's complaint contains very little information. He says that the Social Security office in Portage, Wisconsin told him that records from 2016 through 2017 "are not kept or do not exist." Dkt. No. 1 at 3. He says he visited

4

an office in the federal building. Id. He says that a teller at BMO Harris Bank wrote on a print-out that he never had a checking account; he then lists various account and routing numbers for what he says were his bank accounts (including a checking account). Id. Finally, as to defendant TRS recovery services, he simply says "No Longer is phone active." Id. This is the entire substance of the plaintiff's complaint.

The plaintiff included thirty-seven pages of attachments with the complaint. Dkt. No. 1-1. One of the documents appears to be a July 28, 2017 letter from the plaintiff's property manager, notifying the plaintiff that his week-to-week lease was not being renewed and that he had until August 4, 2017 to vacate the premises. Id. at 9. Another is an August 5, 2017 loan agreement where it appears the plaintiff took out a $300 loan from Advance America Cash Advance at 297.4% interest. Id. at 8. The "Customer Agreement" between the plaintiff and Advance America Cash Advance stated that payment on the loan (in the amount of $366) was due on September 1, 2017. Id. Another appears to be a check from the plaintiff to Advance America in the amount of $366 on a BMO Harris Bank account, with the word "PAID" stamped across it twice. Id. at 5.

Several other potentially relevant documents appear in the attachment, including: (1) a "Buyback" form signed by the plaintiff showing that someone paid $70 to Advance America on September 1, 2017 and $296 October 10, 2017, id. at 1; and (2) an undated letter from "Check n Go" stating that "Your payment has been dishonored by your bank and returned to us unpaid. Your

5

Loan is now in Default," and listing a "Balance Due" of $324.83, id. at 6. There are many other documents that are not evidence of anything, such as information about the Federal Deposit Insurance Corporation, information about making requests under the Freedom of Information Act, advisory notes to some unidentified rule.

The court cannot figure out from all this information what it is that the plaintiff believes that the Social Security Administration, BMO Harris Bank or TRS Recovery Systems did to violate federal law. It appears that he borrowed some money, agreed to pay it back, wrote a check on a BMO Harris account to pay it back, and was notified that the check bounced. None of that violates federal law. The plaintiff says a teller at BMO Harris wrote that he or she couldn't find a record of his account, but that he did have accounts. That does not violate federal law. The only allegation the plaintiff makes against the Social Security Administration is that it told him it didn't have some records; the court cannot tell what that has to do with the bounced check from BMO Harris. The only allegation that the plaintiff makes about TRS Recovery is that its phone doesn't work—he does not say what TRS Recovery is (the court assumes it is a collection agency) or how it relates to the bounced check.

The form complaint asked the plaintiff to provide information about who violated his rights, what each defendant did, when they did it, where it happened, and why they did it (if he knew). Dkt. No. 1 at 3. The plaintiff has not given the court enough information to answer any of those questions.

The court will dismiss the plaintiff's complaint without prejudice for failure to state a claim on which relief can be granted. A dismissal without prejudice means that the plaintiff is free to file another case on the same set of facts, but if the plaintiff chooses to do so, he cannot simply attach a stack of documents and hope the court figures things out. He must use the complaint form to tell his story—what happened, who did it, when did they do it, how was he hurt.

## II. Conclusion

The court **DENIES AS MOOT** the plaintiff's request for leave to proceed without prepayment of the filing fee.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**.

Dated in Milwaukee, Wisconsin this 20th day of November, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**